**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROY RAMSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| BAY LINE RAILROAD, LLC., and | ) | TRIAL BY JURY DEMANDED |
| GENESEE & WYOMING INC., | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES the Plaintiff, ROY RAMSEY, by and through his attorneys, pleading in

the alternative, and for his Complaint against the Defendants, BAY LINE RAILROAD, LLC.,

and GENESEE & WYOMING INC.,

states:

**COUNT I**
**(NEGLIGENCE)**

1.      On June 28, 2012 at all relevant times, Plaintiff was working on tracks that cross

state lines.  He was working on the Bay Line Main Line, Campellton, Florida.

2.      In the course of his duties as a laborer, Plaintiff was instructed to ride on Second

Tie Crane, when Plaintiff was thrown from the crane and in front of the machine, resulting in

Plaintiff sustaining severe injuries.

3.      That at all times herein the Defendants, owed the Plaintiff the duty of reasonable

care in the operation of the Second Tie Crane.

4.      The Defendant,  breached their duty to the Plaintiff by one or more of the

following negligent acts or omissions:

    a.  Negligently and carelessly operated the Second Tie Crane;

b. Carelessly and negligently failed to keep his crane under proper control;

c. Carelessly and negligently proceeded at a speed which was greater than reasonable and proper;

d. Failed to apply his brakes; and

e. Was otherwise negligent and/or careless.

5. As a direct and proximate result of the negligence of the Plaintiff was injured.

6. As a direct and proximate result of the aforesaid, Plaintiff has suffered physical and psychological injuries and experienced pain, suffering and disability. He has lost time, wages and benefits from his gainful employment, and has become liable for medical, hospital and care bills.

WHEREFORE, the Plaintiff, ROY RAMSEY, prays for judgment against Defendants, in a just and fair sum, plus the costs of this action.

## COUNT II

Now comes Plaintiff and pleading in the alternative states as follows:

7. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act, 45 U.S.C. sec. 51 *et seq*.

8. At all pertinent times, Defendants, BAY LINE RAILROAD, LLC., and GENESEE & WYOMING INC., ("BL") were and are railroad corporations doing business in the State of Florida and Georgia.

9. On June 28, 2012, and at all pertinent times, Defendants, BL owned and operated in interstate commerce, a railroad which carried passengers and freight.

10. On June 28, 2012 at all relevant times, Plaintiff was a constructive employee of the Defendants, working on tracks that cross state lines, and was working on the Bay Line Main Line, Campellton, Florida.

11. At all pertinent times, Plaintiff was performing work for Defendants, in connection with, or in furtherance of Defendants' (BL) business of interstate commerce and transportation.

12. In the course of his duties as a laborer, Plaintiff was riding in Second Tie Crane and driven by BL's employee, when Plaintiff was thrown in front of the machine, resulting in Plaintiff sustaining severe injuries.

13. It was the continuing duty of the Defendants, BL, at the time and place in question, to provide Plaintiff with a reasonably safe place to work; to provide reasonably safe conditions in which to work; and to provide reasonably safe tools and equipment.

14. In violation of its duty, Defendants, negligently and carelessly failed to provide Plaintiff, Roy Ramsey, with a safe place to work, by committing one or more of the following negligent acts or omissions:

     a.    failed to adequately inspect and maintain the crane

     b.    negligently and carelessly operated the Second Tie Crane;

     c.    carelessly and negligently failed to keep his crane under proper control;

     d.    carelessly and negligently proceeded at a speed which was greater than reasonable and proper;

     e.    failed to apply his brakes; and

     f.    was otherwise negligent and/or careless.

15. Defendants failure to exercise ordinary care, by one or more of the foregoing negligent acts or omissions, caused the Plaintiff's injuries.

16. As a consequence, Plaintiff, ROY RAMSEY, incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff, has been and will in the future be kept from attending to his ordinary

affairs and duties, and has lost and will lose great gains which he otherwise would have made

and acquired; as a further result, Plaintiff has incurred medical, hospital and related expenses,

and is reasonably certain to incur further medical, hospital and related expenses in the future.

WHEREFORE, Plaintiff, ROY RAMSEY, demands judgment in his favor and against

Defendants, BAY LINE RAILROAD, LLC. and GENESEE & WYOMING INC., in a sum in to

be determined by the jury, plus costs of this suit.

Respectfully submitted,
HOEY & FARINA, P.C.


By:  /s George T. Brugess
        George T. Brugess

HOEY & FARINA, P.C.
542 S. Dearborn, Suite 200
Chicago, IL 60605
312/939-1212
Attorneys for Plaintiff

4